**FILED**

**December 6, 2017**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:51 AM



TENNESSEE BUREAU OF WORKERS' COMEPNSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT NASHVILLE

| | | |
|---|---|---|
| Kimala Petty, | ) | Docket No. 2017-06-1259 |
| Employee, | ) | |
| v. | ) | |
| Progress, Inc., | ) | State File No. 44610-2016 |
| Employer, | ) | |
| And | ) | |
| United Heartland Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

This case came before the Court on December 4, 2017, for an expedited hearing. Kimala Petty seeks medical and temporary disability benefits for an alleged work injury. Progress, Inc. argued that her claim is time-barred.[1] The Court agrees and denies her requests but refers the case to the Penalty Unit for investigation regarding whether Progress paid for authorized care.

### History of Claim

Ms. Petty works for Progress as a live-in companion caring for two disabled clients. On June 9, 2016, she rose at 6:00 a.m., clocked in and assisted them with showering and dressing, including changing a diaper. Afterward, Ms. Petty entered a shower, as she had done while clocked in for several years. As she stepped in, "both legs went opposite ways." Ms. Petty fell, injuring her back and knee.

Progress offered a panel, and Ms. Petty chose Concentra. She saw providers on June 10 and June 14. Meanwhile, the carrier investigated the claim and issued a Notice of Denial on June 17 asserting the injury occurred while performing non-work-related duties. Ms. Petty continued treatment using her private health insurance. The carrier

---

[1] According to the Dispute Certification Notice, Progress also contests the compensability of the claim, asserting "course and scope of employment" and "personal comfort." However, because the Court holds that the claim is time-barred, it need not decide this issue at this time.

1

paid for the June 14 visit on June 30 but offered no proof of paying for the June 10 visit. Ms. Petty testified that she received a bill in January 2017 for the June 10 visit, which remains unpaid.[2] She visited the Bureau of Workers' Compensation at some point after the denial, where "someone" told her she had "a year from the date of the last claim being paid" to file her petition. Ms. Petty received paperwork at that visit but did not file her Petition for Benefit Determination until July 10, 2017, more than a year since the last paid medical expense. On cross-examination Ms. Petty admitted that she incorrectly thought that the injury occurred in August.

### Findings of Fact and Conclusions of Law

Ms. Petty has the burden to present sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, Ms. Petty bears the burden to show that she timely filed her claim. The Workers' Compensation Law provides:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed by the administrator *within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation[.]*

Tenn. Code Ann. § 50-6-203(b)(2) (2017) (emphasis added).

Here, the Court finds authorized treatment at Concentra occurred on June 10 and 14. Progress voluntarily paid for the June 14 visit on June 30, 2016, and Ms. Petty filed her Petition for Benefit Determination on July 10, 2017. Applying these facts to the law, the Court finds Ms. Petty failed to file her Petition within one year after Progress ceased making payments of compensation. The fact that the June 10 bill likely remains unpaid does not, as a matter of law, extend the statute of limitations.

Ms. Petty presented as a credible witness. The Court found her believable in all aspects of her testimony: she appeared calm, at ease, self-assured, steady, confident, forthcoming, reasonable and honest. *See Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn.

---

[2] Over Progress' hearsay and relevancy objections, the Court admitted into evidence invoices as Exhibits 10 and 11. The Court admitted them because they have a tendency to make it more probable that Ms. Petty learned of the possibility of outstanding sums for care related to the fall, which is a fact of consequence to the determination of this action at this time. Further, the Court is not accepting them for the truth of the matter asserted. Progress also objected to the admissibility of Exhibit 12, a past-due notice, on hearsay grounds. The Court reserved ruling at the hearing but now sustains the objection.

2

2014). She credibly testified she received invoices for the authorized treatment as late as January 2017. Ms. Petty asserted that because she learned in January 2017 of potentially outstanding sums for her work-injury treatment, the statute of limitations began running from that date. However, she cited no legal authority for this assertion, and the Court likewise located none. Thus, the Court must hold that the statute of limitations expired on June 30, 2017, and Ms. Petty's claim is time-barred.

*Penalty Referral*

Once the statute expired, this Court's authority to order that Progress pay any unpaid sums for authorized care also terminated. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (The employer shall furnish "free of charge to the employee" medical treatment made reasonably necessary by the work accident.). Tennessee Compilation Rules and Regulations 0800-2-14.07(1) (1999) provides that "[a]ll medical costs owed under the Tennessee Workers' Compensation Law shall be paid within forty-five (45) days of receipt of bill or invoice." Based on Ms. Petty's credible testimony, the Court refers this case to the Penalty Program to investigate whether Progress fully paid for authorized care. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03 ("[A]ny [Bureau] employee may refer any person or entity to the penalty program for the assessment of a civil penalty whenever the referring employee believes that there may have been a violation of the [Bureau's] rules or the Tennessee Workers' Compensation Act.").

**IT IS, THEREFORE, ORDERED**:

1. Ms. Petty's requests for medical and temporary disability benefits are denied at this time.

2. The Court refers the case to the Penalty Unit.

3. This case is set for a scheduling hearing on **February 5, 2018, at 10:00 a.m.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the hearing. Failure to call may result in a determination of the issues without your further participation.

**ENTERED December 6, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Evidence:
1. Affidavit of Kimala Petty
2. Affidavit of Gayle Seard Brown
3. Affidavit of Carol D. Page
4. Affidavit of Elaine Franklin
5. Declaration of Rhonda Thornton and exhibits
6. Medical records: Premier Radiology, Select Physical Therapy, Concentra
7. Deposition of Kimala Petty-excerpts
8. Choice of Physician form
9. Notice of Denial
10. Invoice
11. Invoice
12. Past-due notice (Identification only)
13. Petition for Benefit Determination
14. Complete deposition transcript[3]

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Statement
5. Pre-Expedited Hearing Statement of Employer and Insurer

---

[3] The Court inadvertently referred to the transcript as Exhibit 13 during the hearing but now corrects the record to reflect it as Exhibit 14.

4

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on December 6, 2017.

| Name | Certified Mail | Via Fax | Via Email | Sent to: |
|------|----------------|---------|-----------|----------|
| Kimala Petty, self-represented Employee | X | | X | 3050 Richmond Hill Dr., Nashville, TN 37207, kimaladpetty@yahoo.com |
| Cole Stinson, Employer's attorney | | | X | Cole.stinson@accidentfund.com |

_Penny Shrum_

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**